IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA :
    Plaintiff :
 :
 :
    v. : CRIMINAL NO. 1:CR-03-362-01
 :
 :
TYRONE WELLS, :
    Defendant :

*M E M O R A N D U M*

Defendant, Tyrone Wells, has filed a pro se motion to vacate his sentence, seeking to take advantage of the Fair Sentencing Act of 2010. The defendant pled guilty to conspiracy to distribute more than 50 grams of crack cocaine and, after several remands from the court of appeals, was sentenced on January 15, 2009, to 143 months' imprisonment.

In pertinent part, the Fair Sentencing Act of 2010 amended 21 U.S.C. § 841(b)(1)(A)(iii) by increasing the amount of the defendant's involvement in crack cocaine from at least 50 grams to at least 280 grams before a mandatory minimum sentence of ten years can be imposed. *See* Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, at § 2(a)(1), effective Aug. 3, 2010.

Defendant's motion argues that his case is still pending and that therefore the act, given certain constitutional considerations, should be applied to him retroactively. Thus we should resentence him "under [the] changed quantity thresholds of the Fair

Sentencing Act." (Doc. 153, Mot. to Vacate, p. 10).[1] We should do so because we went below the minimum guideline range of 168 months to 143 months based in part on the disparity in sentencing between crack- and powder-cocaine. Defendant reasons that we would have gone even lower if the mandatory minimum had been lower.

We cannot grant the motion because we have no jurisdiction. Federal courts have no inherent authority to modify a sentence at any time. *See McMillan v. United States*, 257 F. App'x 477, 479 (3d Cir. 2007) (per curiam)(nonprecedential)("We note that, as a general matter, a court cannot modify a term of imprisonment after it has been imposed without specific authorization.") (citing *United States v. DeLeo,* 644 F.2d 300, 301 (3d Cir. 1981)); *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003). Defendant has presented us with no legal authority for us to consider his motion to reduce his sentence.

Even if we had jurisdiction, Defendant's claim has no merit. Defendant's crack-cocaine drug quantity was 300 grams, by his own admission. (Doc. 153, Mot., p. 9). This is consistent with a drug quantity of 353 grams set forth in his presentence report. (PSR ¶ 11). The PSR based its calculation on: (1) 5.5 grams purchased from Defendant by a confidential informant (PSR ¶ 4); (2) 1.9 grams found in the pocket of a woman's jacket during a search of Defendant's residence (PSR ¶ 5); (3) 328.7 grams found in the master bedroom closet (PSR ¶ 5); and (4) 17 grams found on the bedroom floor. (PSR ¶ 5). Defendant filed no objection to this drug quantity before his original

---

[1] We note that the motion is styled as an appellate brief, but Defendant requests that we treat as a motion. See doc. 152.

2

sentencing, and at his most recent resentencing his lawyer stated the drug quantity was 353 grams. (Doc. 128, sentencing transcript, p. 3).

With a crack-cocaine quantity of 353 grams, the act does not benefit Defendant; he still faces a mandatory minimum of ten years imprisonment since the act only lowered the mandatory minimum sentence for those with a drug quantity of less than 280 grams. Thus, even if we assume, along with Defendant, that our sentencing calculation was affected by the mandatory minimum, that mandatory minimum remains at ten years.

We will issue an appropriate order.

/s/William W. Caldwell  
William W. Caldwell  
United States District Judge

Date: September 23, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA :
    Plaintiff :
:
:
    v. : CRIMINAL NO. 1:CR-03-362-01
:
:
TYRONE WELLS, :
    Defendant :

*O R D E R*

AND NOW, this 23rd day of September, 2010, it is ordered that Defendant's pro se motion (doc. 153) to vacate sentence is dismissed for lack of jurisdiction.

                                    /s/William W. Caldwell
                                    William W. Caldwell
                                    United States District Judge